# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-269V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| EMMA HENDRICKSON, | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: March 30, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.*
*Sarah C. Duncan, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING PETITION[1]

### I.    Procedural History

On February 24, 2017, Jeanne Hendrickson, mother of Emma Hendrickson ("Petitioner"), filed a petition[2] for compensation under the National Vaccine Injury Compensation Program,[3]

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] This case was originally assigned to Special Master George Hastings. It was reassigned to now-Chief Special Master Corcoran on October 5, 2017 (ECF No. 17) and reassigned to my docket on December 6, 2017 (ECF No. 26).

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

alleging that Petitioner suffered from small fiber neuropathy, Complex Regional Pain Syndrome, gastroparesis, constipation, tachycardia, orthostatic hypotension, and postural orthostatic tachycardia syndrome caused-in-fact or significantly aggravated by the human papillomavirus ("HPV") vaccine Petitioner received on August 27, 2014.  Pet. at 1-2, ECF No. 1.  Extensive medical records were filed in this case.  *See* Exs. 1-22, 24-27.

On October 11, 2017, Respondent filed a Rule 4(c) Report stating that compensation was not appropriate in this case.  Resp't's Rep. at 2, ECF No. 20.  Petitioner filed an expert report from Dr. Yehuda Schoenfeld on February 1, 2018.  Ex. 28.  Respondent filed two expert reports on July 18, 2018, one from Dr. Carlos Rose and one from Dr. J. Lindsay Whitton.  Exs. B, C.  On August 22, 2019, I issued an Order to Change the Case Caption to reflect Petitioner's coming of age.  ECF No. 56.

On November 4, 2019, Petitioner's mother filed an affidavit.  Ex. 90, ECF No. 59. Petitioner filed a status report on the same day requesting an onset determination.  *See* Status Rep. on 11/4/2019, ECF No. 60.  On November 25, 2019, I held a status conference with the parties. *See* Scheduling Order on 11/25/2019, ECF No. 61.  I informed counsel for Petitioner that I believed that Petitioner's pain was aggravated by an injury in gym class and not by the vaccination she received.  *Id.*  I also stated that I valued the contemporaneously-created medical records in this case over the affidavits drafted in anticipation of litigation.  *Id.*  I directed Petitioner to look for other records from 2014 that would help in making an onset determination.  *Id.*

After motioning for a subpoena and two extensions of time, Petitioner filed the present Motion to Dismiss Her Petition.  *See* Pet'r's Mot. on 3/26/2020, ECF No. 66; *see also* Mots. on 1/24/2020 and 2/24/2020, ECF Nos. 62, 63, 64.  Although the present motion was voluntarily filed, Petitioner did not indicate under which Vaccine Rule 21 subsection she wished for her petition to be dismissed.  *See generally* Pet'r's Mot., ECF No. 66.  Petitioner has indicated that she would like for judgment to enter in order to preserve her right to pursue a civil action.  *See id.*; *see also* Informal Communication from Chambers on 3/26/2020.

## II.    Conclusion

Vaccine Rule 21(b)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court."  Although Petitioner did not specify under which Vaccine Rule she requests dismissal of the petition, I will construe her request as a motion filed pursuant to 42 U.S.C. § 300aa--21(b) (regarding involuntary dismissal), given Petitioner's clear intent that a judgment enter in the case, protecting her right to file a civil action in the future.

As such, **IT IS ORDERED THAT**,

The Motion for Decision Dismissing the Petition is **GRANTED** and the petition is hereby **DISMISSED.  The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master